IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

**VONZELLE WADE CAREY,**

       **Petitioner,**

**v.**                                          **Civil No.: 5:20-CV-98**
                                                      **JUDGE BAILEY**

**WARDEN ANTONELLI**

       **Respondent.**

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On May 19, 2020, the pro se Petitioner, Vonzelle Carey ("Carey") filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. ECF No. 1. Carey has been granted leave to proceed *in forma pauperis*. ECF No. 9. Carey is a federal inmate who is housed at USP Hazelton and is challenging the validity of his sentence from the United States District Court for the Northern District of West Virginia. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A.

### II. FACTUAL AND PROCEDURAL HISTORY[1]

  **A. Conviction and Sentence**

On March 1, 2012, a grand jury sitting in the Northern District of West Virginia

---

[1] Unless otherwise noted, the information in this section is taken from Carey's criminal docket available on CM/ECF. See United States v. Carey, No. 3:120CR-32-GMG). Philips v. Pitt Cnty. Mem. Hosp., 572 F. 3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 21239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

.

returned a six-count second indictment against Carey as the sole defendant. ECF No. 1. Counts One and Six of the indictment charged Carey with violations of 21 U.S.C. §§ 841(a)(1), 841(B)(1)(C) and 18 U.S.C. § 2. Counts Two through Five charged Carey with violations of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). On April 10, 2012, a "Notice by the United States of Information of Vonzelle Wade Carey's Prior Conviction" was filed. Specifically, the notice provided that Carey was convicted in the Circuit Court of Washington County, Maryland, Case No. 21K00026973, of distribution of a controlled drug substance in violation of Md. Code Ann. Art. 27, § 286(a)(1) and was sentenced to a term of imprisonment of four years. ECF No. 18. On April 25, 2012, Carey entered into a written plea agreement by which he agreed to plead guilty to Count Five of the indictment charging him with the distribution of 0.60 gram of a mixture and substance containing a detectable amount of cocaine base, also known as "crack," in violation of Title 21, United States Code, Section 841(a)(1). ECF No. 26. On May 3, 2012, Carey entered his guilty plea before Magistrate Judge David J. Joel. ECF No. 24.

     A final Presentence Investigation Report was filed. ECF No. 31 As noted by the PSR, the parties agreed that Carey's total drug relevant conduct as it pertained to the indictment was 200 grams of cocaine base, also known as "crack," and 2.96 grams of cocaine hydrochloride, also known as "coke". Based on the Drug Equivalency Tables contained in § 2D.1., Application Note 10(D) of the Guidelines, Carey's base offense level was 30. The PSR concluded that Carey was a Career Offender, pursuant to U.S.S.G. § 4B1.1, based on his two previous felony convictions for controlled substance offense and a crime of violence. The first conviction was for CDS Manufacture and Distribute in the Circuit Court for Washington County, Maryland, Case Number 21K00026973. The second conviction was for Assault Second Degree in the Circuit

Court for Washington County, Maryland, Case Number 21K00027257. Based on his status as a Career Offender, Carey's base offense level was 34 and his criminal history category was automatically a VI. Carey's offense level was reduced by two levels pursuant to USSG §3E1(a) and an additional one level pursuant to USSG § 3E1.1(b). Accordingly, Carey adjusted offense level was 31 and his criminal history category was VI leading to a guideline range for imprisonment of 188 to 235 months.

On August 20, 2012, Carey's sentencing hearing was conducted. Counts 1-4 and 6 were dismissed upon the motion of the United States, and Carey was sentenced to incarceration for a term of 188 months for his conviction on Count 5. In addition, the Court imposed a term of 6 years of supervised release; a special assessment of $100 but no fine and no restitution. ECF No. 30. Judgment was entered on August 21, 2012. ECF No. 32.

### B. Appeal and § 2255

Carey filed a timely notice of appeal. ECF No. 35. On April 1, 2013, the United States Court of Appeals for the Fourth Circuit affirmed his conviction. Carey did not file a petition for certiorari in the United States Supreme Court. ECF No. 56.

On October 16, 2014, Carey filed a Motion to Vacate pursuant to 28 U.S.C. § 2255. ECF No. 56. In his Motion, Carey alleged two claims. On August 14, 2015, Carey's motion to vacate was dismissed as untimely, and the district court denied a certificate of appealability.

On June 23, 2016, Carey filed a second Motion to Vacate under 28 U.S.C. 2255 arguing that his 2001 Maryland conviction for second degree assault was no longer a crime of violence under § 4B1.2(a), and therefore he was entitled to resentencing. On November 3, 2016, the matter was stayed pending the Supreme Court's decision in

Beckles. On April 11, 2017, an order was entered lifting the stay and dismissing the § 2255 Motion because the Supreme Court in Beckles refused to extend Johnson relief to sentencing enhancements under the Guidelines. On April 28, 2020, Carey filed a Motion for Reconsideration, which was denied on April 30, 2020.

### C. Carey's Claims

In support of his § 2241 petition before this Court, Carey again argues that his conviction for Maryland Second-Degree Assault cannot be used as a predicate offense for enhancement purposes due to the use of the modified categorical approach outlined in Descamps v. United States, 570 U.S. 254 (2013). For relief, he requests that he be resentenced without the career offender status.

### III. LEGAL STANDARDS

### A. Reviews of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Carey's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B. Pro Se Litigants

As a pro se litigant, Carey's pleadings are accorded liberal construction and held to "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). However, even under this less stringent standard, the

petition in this case is subject to summary dismissal. The requirements of liberal construction do not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, Carey is not entitled to relief under 28 U.S.C. 2241, and this matter is due to be dismissed.

### C. Post-Conviction Remedies and Relief

Despite the title he affixes to his petition, Carey unequivocally challenges the validity of his sentence and not the execution of his sentence, as such his filing is not a habeas petition under 28 U.S.C. § 2241; but rather, it is a Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. The law is well settled that § 2255 is the exclusive remedy for challenging the validity of a federal judgment and sentence. See In re Vial, 115 F.3d 1192, 1193 (4th Cir. 1997). A petition for a writ of habeas corpus under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255

However, § 2255(e) provides a "savings clause" exception which serves as a means for petitioners to apply for a traditional writ of habeas pursuant to § 2241. It states:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(3) (emphasis added). The savings clause will occasionally allow a § 2241 petition to take the place of a § 2255 motion, but not "merely … because an individual is procedurally barred from filing a Section 2255 motion," Vial, 115 F.3d at 1194 n.5, nor simply because relief is unavailable due to the gatekeeping provisions of § 2255.

Young v. Conley, 128 Fed Supp.2d 354, 357 (S.D.W. Va. 2001). Instead, to trigger the savings clause in the context of a challenge to the validity of a conviction, the petitioner's claim must contain all three of the following characteristics: (1) at the time of his conviction, the settled law of this circuit or the Supreme Court established the legality of his conviction; (2) subsequent to his direct appeal and first 2255 motion, the substantive law changed such that the conduct of which he was convicted is now deemed not to be criminal; and (3) he cannot satisfy the gatekeeping provisions of 2255 because the new rule is not one of constitutional law. In re Jones, 226 F.3d at 328, 333-34 (4th Cir. 2000). With respect to challenges involving the validity of a sentence, the savings clause is available only when the petitioner can establish that: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to his direct appeal and first 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) he cannot satisfy the gatekeeping provisions of 2255 (h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect. United States v. Wheeler, 886 F.3d 415, 429 (4th Cir. 2018). The Fourth Circuit specified that a change of substantive law within the circuit, not solely in the Supreme Court, would be enough to satisfy the second prong of the four-part test established in Wheeler.  Id.  In addition, the Fourth Circuit held that the savings clause requirements are jurisdictional rather than procedural; therefore, if they are not met, the Court does not have jurisdiction to entertain the § 2241 petition. Id. at 426. The petitioner bears the burden of establishing that a § 2255 motion is inadequate or ineffective and that he satisfies the savings clause requirements. See Hood v. United States, 13 Fed Appx. 72, 2001 WL 648636, at *1 (4th Cir. 2001); McGee v.

6

Hanberry, 604 F.2d 9, 10 (5th Cir. 1979); Hayes v. Ziegler, No. 5:11-cv-00261, 2014 WL 670850 (S.D.W. Va. February 20, 2014), aff'd, 573 Fed.Appx. 268 (4th Cir. 2014).

### IV. ANALYSIS

Although Carey does not raise the Wheeler savings clause, he is not entitled to its application. As previously noted, Carey's sentence was based on the guidelines applicable to career offenders.[2] Because Carey is challenging his sentence, he must meet all four prongs of the Wheeler test for this Court to have jurisdiction to hear his challenge on the merits. In this case, even if Carey met the first, second, and third prongs of Wheeler, he cannot meet the fourth prong, which requires a showing that due to a retroactive change in the law, his sentence now presents an error sufficiently grave to be deemed a fundamental defect. See Lester v. Flournoy, 909 F.3d 708, 715 (4th Cir. 2018). In Lester, the Fourth Circuit concluded that a misclassification as a career offender can be a fundamental defect if the sentencing occurred pre-Booker, when the sentencing Guidelines were mandatory. Id. at 714.

However, the Lester Court explicitly noted that had Lester's career offender misclassification occurred under the post-Booker, advisory Guidelines, his petition would have been barred as failing to meet the fourth Wheeler prong. Id. at 715 ("Foote[3]

---

[2] A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1. "The term 'controlled substance offense' means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. 4B1.2.

[3] In United States v. Foote, 784 F.3d 931 (4th Cir. 2015), the Fourth Circuit was faced with the issue of whether a petitioner's claim that he was misclassified as a career offender under the

undoubtedly would bar Lester's petition had he been sentenced under the advisory Guidelines."). This is so because post-Booker, "the Guidelines lack[ ] legal force," and "an erroneous advisory Guidelines classification [i]s unlike a violation of a statute or constitutional provision." Id. When a petitioner is sentenced under the post-Booker, purely advisory Guidelines, "the district court not only ha[s] discretion to decide whether the Guidelines sentence [i]s justified, but in fact [i]s required to do so." Id. In conclusion, the Lester Court observed that "the savings clause should provide only the tightest alleyway to relief. Section 2255 is not 'inadequate or ineffective' just because the prisoner can't successfully challenge his sentence under that provision." Id. at 716. Because Carey was sentenced in 2012, under the post-Booker, advisory Guidelines, regardless of whether there was a misapplication of those guidelines, the law in this Circuit makes clear that he cannot satisfy the fourth Wheeler prong, and, therefore, fails to satisfy the § 2255(e) savings clause.

Because Carey cannot satisfy the savings clause of § 2255(e) under Wheeler, his claim may not be considered under § 2241, and this Court is without jurisdiction to consider his petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

---

advisory Guidelines at sentencing was cognizable under § 2255. The Foote Court concluded that such a claim was not cognizable under § 2255. Foote, 784 F.3d at 932. In reaching its conclusion, the court recognized that "§ 2255 does not allow for a court's consideration and correction of *every* alleged sentencing error," and that "if the alleged sentencing error is neither constitutional nor jurisdictional, a district court lacks authority to review it unless it amounts to 'a fundamental defect which inherently results in a complete miscarriage of justice.'" Id. at 936 (quoting Davis v. United States, 417 U.S. 333, 346 (1974)). The Foote Court ultimately concluded that the misclassification of a petitioner as a career offender under the advisory Guidelines does not result in a fundamental defect that inherently results in a miscarriage of justice. Id. at 940, 944.

## VI. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petition be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

Carey shall have **fourteen (14) days** from the date of entry of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further directed to mail a copy of this Report and Recommendation to Carey by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED:  June 18, 2020

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE