IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**VONZELLE WADE CAREY,**

        Petitioner,

v.                                      **Civil Action No. 5:20-CV-98**
                                                   Judge Bailey

**WARDEN ANTONELLI,**

        Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Mazzone [Doc. 11]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R, wherein he recommends the petition be denied and dismissed without prejudice.

### I. BACKGROUND

The petitioner is a federal inmate incarcerated at USP Hazelton in West Virginia. Petitioner, acting *pro se*, initiated this habeas corpus proceeding pursuant to 28 U.S.C. § 2241, challenging the validity of his sentence. In March 2012, a grand jury sitting in the Northern District of West Virginia returned a six-count indictment against Carey as the sole defendant.[1]

---

[1] Unless otherwise indicated, the information in this "Background" section is taken from Carey's criminal docket available on CM/ECF. *See United States v. Carey*, No. 3:12-CR-32.

1

Counts One and Six of the indictment charged Carey with violations of 21 U.S.C. §§ 841(a)(1), 841(B)(1)(C) and 18 U.S.C. § 2. Counts Two through Five charged Carey with violations of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). On April 10, 2012, a "Notice by the United States of Information of Vonzelle Wade Carey's Prior Conviction" was filed. Specifically, the notice provided that Carey was convicted in the Circuit Court of Washington County, Maryland, Case No. 21K00026973, of distribution of a controlled drug substance in violation of Md. Code Ann. Art. 27, § 286(a)(1) and was sentenced to a term of imprisonment of four years.

On April 25, 2012, Carey entered into a written plea agreement by which he agreed to plead guilty to Count Five of the indictment charging him with the distribution of 0.60 gram of a mixture and substance containing a detectable amount of cocaine base, also known as "crack," in violation of 21 U.S.C. § 841(a)(1). On May 3, 2012, Carey entered his guilty plea before United States Magistrate Judge David J. Joel.

A final Presentence Investigation Report was filed. As noted by the PSR, the parties agreed that Carey's total drug relevant conduct as it pertained to the indictment was 200 grams of cocaine base, also known as "crack," and 2.96 grams of cocaine hydrochloride, also known as "coke". Based on the Drug Equivalency Tables contained in § 2D.1, Application Note 10(D) of the Guidelines, Carey's base offense level was 30. The PSR concluded that Carey was a Career Offender, pursuant to U.S.S.G. § 4B1.1, based on his two previous felony convictions for a controlled substance offense and a crime of violence. The first conviction was for CDS Manufacture and Distribute in the Circuit Court for Washington County, Maryland, Case Number 21K00026973. The second conviction was for Assault Second Degree in the Circuit Court for Washington County, Maryland, Case Number 21K00027257.

Based on his status as a Career Offender, Carey's base offense level was 34 and his criminal history category was automatically a VI. Carey's offense level was reduced by two levels pursuant to USSG §3E1(a) and an additional one level pursuant to USSG § 3E1.1(b). Accordingly, Carey adjusted offense level was 31 and his criminal history category was VI leading to a guideline range for imprisonment of 188 to 235 months. Ultimately, the Court sentenced Cary to incarceration for a term of 188 months, six (6) years of supervised release, and a special assessment of $100.

Carey filed an appeal, in which the Fourth Circuit affirmed his conviction. Subsequently, Carey filed a Motion to Vacate pursuant to 28 U.S.C. § 2255, which the Court dismissed as untimely. Then, Carey filed a second Motion to Vacate under 28 U.S.C. 2255 arguing that his 2001 Maryland conviction for Assault Second Degree no longer classified as a crime of violence under § 4B1.2(a). The matter was stayed pending the Supreme Court of the United States' decision in *Beckles v. United States*, 137 S.Ct. 886, 2017. Following the decision in *Beckles*, the Court entered an order lifting the stay and dismissing the § 2255 Motion because the Supreme Court in *Beckles* refused to extend relief to sentencing enhancements under the Guidelines. Carey filed a Motion for Reconsideration, which was denied.

In support of the instant § 2241 petition before this Court, Carey *again* argues that his Maryland conviction for Assault Second Degree cannot be used as a predicate offense for enhancement purposes due to the use of the modified categorical approach outlined in *Descamps v. United States*, 570 U.S. 254 (2013). For relief, Carey requests that he be resentenced without career offender status.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. Petitioner timely filed his Objections [Doc. 13]. Accordingly, this Court will

review the portions of the R&R to which objection was filed under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

## III. DISCUSSION

Generally, 28 U.S.C. § 2255 provides the exclusive means for a prisoner in federal custody to test the legality of his detention. However, § 2255(e) contains a savings clause, which allows a district court to consider a habeas petition brought by a federal prisoner under § 2241 where § 2255 is "inadequate or ineffective to test the legality" of the detention. 28 U.S.C. § 2255; *see also United States v. Poole*, 531 F.3d 263, 270 (4th Cir. 2008). The fact that relief under § 2255 is procedurally barred does not render the remedy inadequate or ineffective to test the legality of a prisoner's detention. *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000). In the Fourth Circuit, a § 2255 petition is only inadequate or ineffective to test the legality of detention when:

(1) [A]t the time of conviction, settled law in this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provision of § 2255 because the new rule is not one of constitutional law.

*Poole*, 531 F.3d at 269 (quoting *In re Jones*, 226 F.3d at 333–34).

The Fourth Circuit recently found that the savings clause may apply to certain sentencing challenges. It explained:

5

> [W]e conclude that § 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018). Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet either the *Jones* test (if challenging the legality of his conviction) or the *Wheeler* test (if challenging the legality of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims. *See Wheeler*, 886 F.3d at 423–26.

Here, the Magistrate Judge found that Carey is challenging his sentence, but he cannot meet the four-prongs of *Wheeler*. [Doc. 11 at 7]. Specifically, the Magistrate Judge found that even if he could meet the first, second, and third prongs of *Wheeler*, he cannot meet the fourth, which requires that due to a retroactive change in the law, his sentence now presents an error sufficiently grave to be deemed a fundamental defect. [Id.]. The Magistrate Judge found that because the petitioner was sentenced under the post-*Booker*, purely advisory Guidelines, regardless of whether there was a misapplication of the Guidelines, he cannot

satisfy the fourth prong of *Wheeler*. [Id. at 8] (citing *Lester v. Flournoy*, 909 F.3d 708 (4th Cir. 2018)).

In his Objections [Doc. 13], petitioner summarily objects to the Magistrate Judge's findings, arguing that his underlying conviction for Assault Second Degree cannot be used as a predicate offense for sentencing as a career offender. Petitioner also asserts cursory objections that he is "actually innocent of being a career offender" and that the *Wheeler* savings clause does apply in this instance.

This Court does not find petitioner's objections persuasive and, upon *de novo* review, finds that the Magistrate Judge reached the correct conclusion. Because Carey was sentenced in 2012, under the post-*Booker* advisory Guidelines, regardless of whether there was a misapplication of those guidelines, the law in this Circuit makes clear that he cannot satisfy the fourth *Wheeler* prong, and therefore fails to satisfy the § 2255(e) savings clause.

Because Carey cannot satisfy the savings clause of § 2255(e) under *Wheeler*, his claim may not be considered under § 2241, and this Court is without jurisdiction to consider his petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998); *Reinbold v. Evers*, 187 F.3d 348, 359 n. 10 (4th Cir. 1999).

## IV. CONCLUSION

Upon careful review, it is the opinion of this Court that the **Report and Recommendation [Doc. 11]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the Magistrate Judge's report. Accordingly, the petitioner's

objections **[Doc. 13]** are **OVERRULED** and the § 2241 petition **[Doc. 1]** is **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

This Court further **DIRECTS** the Clerk to enter judgment in favor of the respondent and to **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: December **9**, 2020.

**JOHN PRESTON BAILEY**
**UNITED STATES DISTRICT JUDGE**